UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERNON DAVIS BAGGETT | CIVIL ACTION |
| VERSUS | NO: 17-3030 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| VICTOR MAURICE BLACKSTON | CIVIL ACTION |
| VERSUS | NO: 17-3048 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| DEBRA GOREE BUTLER | CIVIL ACTION |
| VERSUS | NO: 17-3077 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| BENNY DARDAR, SR. | CIVIL ACTION |
| VERSUS | NO: 17-3138 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| VANTAVIOUS LATRELL DUCKSWORTH | CIVIL ACTION |
| VERSUS | NO: 17-3157 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (1) |

| | |
|---|---|
| CHARLES M. FRANKLIN, JR. | CIVIL ACTION |
| VERSUS | NO: 17-3215 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| PATRICK LAMAR LASTER, JR. | CIVIL ACTION |
| VERSUS | NO: 17-3319 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| FLINT JAMES MARTIN | CIVIL ACTION |
| VERSUS | NO: 17-3358 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| LARRY STEPHEN MCCAMMON | CIVIL ACTION |
| VERSUS | NO: 17-3375 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| JEFFARI S. MCMILLAN | CIVIL ACTION |
| VERSUS | NO: 17-3396 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| DENISE L. PETTAWAY | CIVIL ACTION |
| VERSUS | NO: 17-3404 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| WILLIE LOUIS CASEY, JR. | CIVIL ACTION |
| VERSUS | NO: 17-3525 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (2) |

| | |
|---|---|
| CHRISTOPHER CHARLES CLAY, SR. | CIVIL ACTION |
| VERSUS | NO: 17-3526 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| BRANDON ANTHONY NEWTON | CIVIL ACTION |
| VERSUS | NO: 17-3588 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| BRIAN LARS ROBINSON | CIVIL ACTION |
| VERSUS | NO: 17-3606 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (1) |

| | |
|---|---|
| SUSAN GAIL BARNES | CIVIL ACTION |
| VERSUS | NO: 17-3630 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (1) |

| | |
|---|---|
| LARRY ALLEN DAVENPORT | CIVIL ACTION |
| VERSUS | NO: 17-3726 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| DANA PATTERSON | CIVIL ACTION |
| VERSUS | NO: 17-4079 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| WAYDE P. BONVILLAIN | CIVIL ACTION |
| VERSUS | NO: 17-4134 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (2) |

| | |
|---|---|
| SANDRA PETTWAY | CIVIL ACTION |
| VERSUS | NO: 17-4146 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (2) |

| | |
|---|---|
| APRIL WENSEL | CIVIL ACTION |
| VERSUS | NO: 17-4225 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| BRIAN THOMPSON | CIVIL ACTION |
| VERSUS | NO: 17-4265 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (2) |

| | |
|---|---|
| TERRY WEATHERSBY | CIVIL ACTION |
| VERSUS | NO: 17-4275 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| VICTORIA WASHINGTON | CIVIL ACTION |
| VERSUS | NO: 17-4297 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (2) |

| | |
|---|---|
| JEROME HARRY | CIVIL ACTION |
| VERSUS | NO: 17-4347 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

| | |
|---|---|
| MITCHELL HENDRIX | CIVIL ACTION |
| VERSUS | NO: 17-4354 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (1) |

| | |
|---|---|
| CALVIN PRICE, SR. | CIVIL ACTION |
| VERSUS | NO: 17-4571 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (4) |

| | |
|---|---|
| BOBBY J. SLAUGHTER | CIVIL ACTION |
| VERSUS | NO: 17-4584 |
| BP EXPLORATION & PRODUCTION, INC., et al. | SECTION: T (5) |

## **ORDER**

Each of the captioned cases is a B-3 medical case arising out of the Deepwater Horizon oil spill. Before the Court now are identical motions for reconsideration filed by each of the above-captioned plaintiffs. Defendants, BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively "BP")[1] have filed identical oppositions in each of the above-captioned cases. For the following reasons, the Court denies the plaintiffs' motions to reconsider.

---

[1] Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc., join in each of the referenced motions.

6

## BACKGROUND

Each of the captioned plaintiffs filed lawsuits against defendants based on alleged injuries due to exposure to toxic chemicals following the 2010 *Deepwater Horizon* oil spill in the Gulf of Mexico. In each case, plaintiffs submitted an expert report from Dr. Jerald Cook, a retired Navy physician with a master's degree in environmental toxicology and a fellow of the American College of Occupational and Environmental Medicine, to demonstrate that exposure to crude oil, weathered oil, and dispersants could cause symptoms they allege in their complaints. Dr. Cook produced a general causation report used by many B3 plaintiffs including those plaintiffs whose motions are addressed herein. In his report, Dr. Cook did not mention any plaintiff by name, address any particular plaintiff's work on the spill, nor did he detail the nature of any plaintiff's exposure to any particular toxins. Moreover, Dr. Cook failed to present any opinion in his report of any link between particular chemical compounds and any specific disease.

Defendants moved to exclude Dr. Cook's testimony under *Daubert*.[2] This Court granted those motions and simultaneously granted motions for summary judgment as to causation reasoning that without Dr. Cook's report, plaintiffs presented no evidence of general causation as is necessary in toxic tort matters.

Plaintiffs now argue that the Court's orders on the motions in limine and motions for summary judgment should be reconsidered. Each of the plaintiffs'

---

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

motions are substantively identical. In support of their positions, plaintiffs state they were unable to present appropriate expert testimony due to BP's "mismanagement of biological monitoring" and point to sanctions against BP in another section of this Court for failure to produce a proper 30(b)(6) corporate witness to testify as to such monitoring. Defendants respond that reconsideration is not warranted as plaintiffs present no new evidence or argument, and that the issue of discovery sanctions is irrelevant to general causation.

## LAW & ANALYSIS

Rule 59(e) motions to alter or amend judgments serve solely to allow parties to correct "manifest errors of law or fact or to present newly discovered evidence."[3] Reconsideration of judgments is "an extraordinary remedy that should be used sparingly."[4] A party seeking reconsideration must show that it is necessary based on at least one of the following criteria: "(1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law."[5] District courts have "considerable discretion" under Rule 59(e).[6]

---

[3] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted); *See Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).
[4] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[5] *Theriot v. Brit Sys., Inc.*, No. 11-1995, 2013 WL 12238852, at *1 (E.D. La. Apr. 23, 2013); *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).
[6] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiffs seek reconsideration of this Court's orders excluding Dr. Cook's testimony and granting summary judgment in favor of defendants based on a theory that defendants improperly blocked discovery efforts on the issue of biomonitoring. Plaintiffs largely rely on the same argument regarding sanctions in the *Torres-Lugo* case they have previously relied on in response to the defendants' motions in limine. The fact that sanctions were issued in the interim does not change the Court's conclusions in its previous rulings. The arguments posed by plaintiffs are duplicative of their previous arguments, which have been exhaustively considered. As such, another recitation of those arguments "does not entitle [them] to a second bite at the apple" through reconsideration.[7]

This Court is not alone in its decision to deny plaintiffs' motions to reconsider. Indeed, other sections of this Court have consistently found that the issues of sanctions motions are not outcome determinative to the admissibility of Dr. Cook's report, nor the merits of the summary judgment motions filed by defendants.[8] In addition, the Fifth Circuit recently affirmed the reasoning adopted by this Court.[9] In none of their identical motions do plaintiffs contend the discovery sought would alleviate or cure the need for particularized causation evidence for each plaintiff. In that regard, BP's purported failure of biomonitoring is irrelevant as to either the

---

[7] *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).
[8] *See, e.g.*, *Dawkins v. BP Expl. & Prod. Inc.*, No. 17-3533, R. Doc. 81 (E.D. La. Sept. 20, 2022) (Vance, J.); *Keller v. BP Expl. & Prod. Inc.*, No. 13-1018, R. Doc. 64 (E.D. La. Aug. 25, 2022) (Africk, J.); *Barkley v. BP Expl. & Prod. Inc.*, No. 13-0995, R. Doc. 58 (E.D. La. Aug. 5, 2022) (Barbier, J.); *Beverly v. BP Expl. & Prod. Inc.*, No. 17-3045, R. Doc. 66 (E.D. La. Sept. 13, 2022 (Barbier, J.); *Barksdale v. BP Expl. & Prod. Inc.*, No. 17-3034, R. Doc. 60 (E.D. La. Oct. 21, 2022) (Zainey, J.).
[9] *See Byrd v. BP Exploration & Production, Incorporated*, 2023 WL 4046280 (5th Cir. June 16, 2023).

9

admissibility of Dr. Cook's report nor the summary judgment motions.[10] Plaintiffs likewise fail to claim to have discovered new evidence, or that there have been any intervening changes in controlling law. Moreover, plaintiffs have not established that this Court's orders create a manifest injustice.

Absent sufficient support for their motion for reconsideration to justify such an extraordinary remedy, plaintiffs' motions for reconsideration are **DENIED.**

New Orleans, Louisiana this 30th day of June, 2023.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[10] *See Burns v. BP Expl. & Prod. Inc.*, No. 17-3117, R. Doc. 66, at 2 n. 5 (E.D. La. July 25, 2022) (Ashe, J.); *Ross v. BP Expl. & Prod. Inc.*, No. 17-4287, R. Doc. 60 at 12 (E.D. La. July 28, 2022) (Barbier, J.); *Reed v. BP Expl. & Prod. Inc.*, No. 17-3603, R. Doc. 66 at 2 (E.D. La. July 28, 2022) (Milazzo, J.).